Dear Mr. Wimberly:
Your request for an Attorney General's opinion has been forwarded to me for research and reply. Specifically, you ask:
 1) Does the Acadia Parish Police Jury have the authority to enact a "public safety" ordinance restricting the location of a privately owned juvenile correction/detention or treatment facility within the parish?
 2) Does the Acadia Parish Police Jury have the authority to enact a "public safety" ordinance requiring that any privately owned juvenile correctional/detention or treatment facility be prohibited from locating within a five (5) mile radius of any school, church, or daycare center?
 3) Does the Acadia Parish Police Jury have the authority to enact a "public safety" ordinance which would place restrictions on a privately owned juvenile correctional/detention or treatment facility to maintain onsite security and limited access to the facility?
 4) Does the Acadia Parish Police Jury have the authority to enact a "public safety" ordinance which would require any privately owned juvenile correctional/detention or treatment facility to maintain a security fence around the facility and provide for controlled access to same? *Page 2 
The first issue to be addressed is whether the Acadia Parish Police Jury has the power to enact ordinances which regulate land use within Acadia Parish. In Rollins Environmental Services of Louisiana, Inc. v. IbervilleParish Police Jury, 371 So.2d 1127, 1131 (La. 1979), the Louisiana Supreme Court stated, "a police jury in this State is a creature and subordinate political subdivision of the State and as such only possesses those powers conferred by the State's Constitution and statutes." A number of years later, the Louisiana Supreme Court again addressed the issue of whether a police jury has the power to enact land use and zoning ordinances in its decision in American Waste and Pollution Control Co.v. St. Martin Parish Police Jury, 609 So. 2d, 201, 203 (La. 1992). The court again opined that a police jury's powers are limited to those conferred by the constitution or by the legislature. The court went on to state that the constitutional authority to enact zoning and land use ordinances must stem from La.Const. of 1974, Art. 6, § 17 which provides:
 Subject to uniform procedures established by law, a local governmental subdivision may (1) adopt regulations for land use, zoning, and historic preservation, which authority is declared to be a public purpose; (2) create commissions and districts to implement those regulations; (3) review decisions of any such commission; and (4) adopt standards for use, construction, demolition, and modification of areas and structures. Existing constitutional authority for historic preservation commissions is retained. (Emphasis added).
The court held in this case that the limited powers granted by Art. 6, § 17 to non-home rule charter local governmental subdivisions, are not an unqualified grant of zoning authority, but only give the power to regulate land use if the legislature has extended zoning authority to the specific parish. Acadia Parish is a parish which has been given this authority in LSA-R.S. 33:140.161 through 33:140.169 which is entitled, "Acadia Parish, Zoning Regulations." Included in these statutes are an authorization to regulate construction and the use of buildings and other structures within the parish, the requirement that regulations be made in accordance with a comprehensive plan after a public hearing, the creation of a zoning commission, the authorization to appoint a board of adjustment which hears appeals of regulations and restrictions, and procedures for resolving conflicting regulations.
Therefore, after considering all factors, it is the opinion of this office that Acadia Parish Police Jury has been given the power by the Louisiana Const. of 1974 Art. 6, § 17 and LSA-R.S. 33:140.161 through33:140.169 to zone and enact land use regulations for Acadia Parish. How this regulation is accomplished is set out in the previously cited statutes. With regard to the questions you ask, it is the *Page 3 
opinion of this office that the Acadia Parish Police Jury has the authority to enact the regulations you describe in questions one, two and four.
These questions deal with the authority of your governing authority to enact regulations and restrictions on building and land use which promote the health, safety, morals and the general welfare of Acadia Parish. Please note, these regulations must be in accordance with a comprehensive plan and after a public hearing. (See LSA-R.S. 33:140.161
through 33:140.164).
The third question you ask deals with regulating access to the juvenile detention facility and requiring onsite security at the facility. It seems that regulating access to the facility can be accomplished through zoning and land use regulations. In contrast, requiring onsite security by enacting zoning and land use regulations is questionable. While this promotes the safety of parish residents, it is questionable if this fits within the purview of building and land use regulations. This issue is better addressed through a civil or criminal ordinance requiring any correctional or detention facility to employ onsite security officers.
Another issue which must be addressed is if zoning restrictions can be applied retroactively. As stated above, the police jury is given the authority to enact zoning restrictions prospectively. The issue of zoning ordinances which restrict property retroactively was addressed by the Louisiana Supreme Court in Redfearn v. Creppel, 455 So.2d 1356, (La. 1984). In this opinion Justice Dennis defines the term "conforming use" as:
 A use which lawfully existed prior to the enactment of a zoning ordinance, and which is maintained after the effective date of the ordinance although it does not comply with the use restrictions applicable to the area in which it is situated.
The opinion goes on to state that nonconforming uses of property are designed to avoid hardship, injustice, and the doubtful constitutionality of compelling the immediate change of buildings and uses already in the area.
Rather than retroactively applying zoning ordinances, police juries generally allow for nonconforming uses of property. Otherwise, your police jury may be effecting an unconstitutional "taking" of private property. This may actually be a deprivation of property without due process and without just compensation which is prohibited by the United States Constitution, Amendment V, and by the Louisiana Constitution Article 1, Section 4. In Layne v. City of Mandeville, 633 So.2d 608
(La.App. 1st Cir. 1993), writ denied, 94-0268 (La. 3/25/94), 635 So.2d 234, the court stated that a governmental taking may occur in the form of zoning or rezoning. This may be the case in Acadia Parish. *Page 4 
Therefore, it is the opinion of this office that a retroactive application and enforcement of a zoning regulation may be unconstitutional. According to the Layne (supra) court, whether or not this zoning restriction constitutes an unconstitutional taking is a factual determination of whether the property has actually been purchased for the detention facility and whether construction has begun on the facility are some of the facts which must be ascertained.
In summary, it is the opinion of this office that the Acadia Parish Police Jury has the authority to enact zoning and land use regulations for the parish. It is questionable if zoning and land use regulations can be used to require a detention facility to employ onsite security officers. Also, if construction has begun on the facility, there may be an improper "taking" resulting from retroactive zoning.
We trust your questions have been sufficiently answered. However, if you should need anything further do not hesitate to contact this office.
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY:_______- FRANCES. J. PITMAN Assistant Attorney General
 JDC:FJP:sc